# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| AVA DEAKIN, by her parents and next of friends, WILLIAM J. DEAKIN and LISA M. DIEHLMANN, et al., ) ) ) ) | |
| ) | Case No. 19 C 8229 |
| Plaintiffs, ) | |
| ) | |
| v. ) | Magistrate Judge M. David Weisman |
| ) | |
| OLD TOWN TRIANGLE ASSOCIATION, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is defendant's motion to compel [50]. For the reasons set forth below, the Court denies the motion.

### Discussion

In 2015, plaintiffs William J. Deakin and Lisa M. Diehlmann purchased a property in the Old Town Triangle "Landmark District" with the intention of renovating the property to accommodate the needs of their disabled daughter. (Dkt. ¶¶ 4-5, 18.) Because the property is located within a Landmark District, plaintiffs are required to secure certain approvals and permits before they are able to renovate the property. (*Id*. ¶¶ 5-6, 18-25.) Plaintiffs allege that defendant Old Town Triangle Association has discriminated against and harassed them, and, as a result, they have not been able to complete the renovations and move into the property. (*Id*. ¶¶ 6-7, 32-42, 55-56, 59, 61-63.) Plaintiffs say they have suffered, among other things, emotional distress. (*Id*. ¶¶ 77-78.)

Defendant now seeks certain information related to plaintiffs' mental health. According to defendant, plaintiffs have waived the psychotherapist-patient privilege by putting their mental health at issue and by alleging that they have suffered "significant" emotional distress. Defendant requests this Court to order plaintiffs to (1) identify all of their mental health providers, (2) respond to defendant's requests to produce that are directed to plaintiffs' mental health treatment; and, (3) provide defendant with an executed HIPAA Order so that defendant can subpoena necessary and discoverable records. Plaintiffs oppose the motion, arguing that they are only seeking "garden variety" emotional distress damages and, therefore, have not waived the psychotherapist-patient privilege. Additionally, plaintiffs say that they are not introducing expert testimony related to emotional distress, do not attribute any conditions or diagnoses to that distress, and have not sought treatment for that distress.

The psychotherapist-patient privilege protects certain confidential communications in federal cases. *Jaffe v. Redmond*, 518 U.S. 1 (1996). Like any privilege, the psychotherapist-patient

privilege is subject to waiver. *Id*. at 15, n14. As the Seventh Circuit noted in *Doe v. Oberweis Dairy*, "[i]f a plaintiff by seeking damages for emotional distress places his or her psychological state in issue, the defendant is entitled to discover any records of that state." 456 F.3d 704, 718 (7th Cir. 2006). Courts have created three approaches to evaluate when a party waives the psychotherapist-patient privilege: (1) the broad application, (2) the narrow application, and (3) the middle ground. *Laudicina v. City of Crystal Lake*, 328 F.R.D. 510, 513 (N.D. Ill. Oct. 29, 2018). "Under the broad application, [a party] waives the privilege by merely seeking damages for emotional distress. Under the narrow application, [a party] must place 'an affirmative reliance on the psychotherapist-patient communication' to waive the privilege. The middle ground finds that no waiver occurs if [a party is] only seeking 'garden variety' damages." *Id*. (citations omitted).

Here, plaintiffs say that they are only seeking "garden variety" emotional damages, including damages for humiliation and embarrassment. Plaintiffs aver that they will not introduce expert testimony related to emotional distress and will not attribute any conditions or diagnoses to that distress at trial. (Dkt. 59 at 3, 12.) During oral argument on the motion to compel, plaintiffs' counsel acknowledged that plaintiffs will not be able to reverse course on this decision. Any attempt to do so would disrupt the discovery process and cause prejudice to defendant. Moreover, this Court's ruling in denying defendant's request for relief is premised almost entirely on plaintiffs' representations on this point. Based on these representations, the Court finds that plaintiffs have not waived the psychotherapist-patient privilege and will not order plaintiffs to produce the mental health records at issue. *See Awalt v. Marketti*, 287 F.R.D. 409, 419 (N.D. Ill. Oct. 29, 2012) (finding no waiver of the psychotherapist-patient privilege when plaintiff was only seeking "garden variety" emotional damages from defendants' alleged misconduct).

## Conclusion

For the reasons set forth above, the Court finds that plaintiffs have not waived the psychotherapist-patient privilege and therefore denies defendant's motion to compel.

**SO ORDERED.**  **ENTERED:** December 22, 2020

_____
**M. David Weisman**
**United States Magistrate Judge**

2